UNITED STATES DISTRICT COURT                    O
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

ADELMO ISIDRO ROSALES-            §
VELASQUEZ                         §
                                  §
        Petitioner                §
VS.                               §   CIVIL ACTION NO. L-09-60
                                  §   CRIMINAL CASE NO. L-06-1106
UNITED STATES OF AMERICA          §

## <u>MEMORANDUM OPINION AND ORDER</u>

Pending before the Court is Adelmo Isidro Rosales-Velasquez's ("Petitioner") Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 and Motion to Proceed *In Forma Pauperis*. [Dkt. Nos. 1 & 3].[1] The Court has reviewed the pending motion, Petitioner's supporting memorandum of law, [Dkt. No. 2], and the record of the prior proceedings. Based on this review and the application of governing legal authorities, the Court **DISMISSES** Petitioner's motion with prejudice.

## I.    BACKGROUND

Petitioner was indicted on July 11, 2006, and charged with illegal reentry after deportation, in violation of 8 U.S.C. § 1326 and 6 U.S.C. §§ 202, 557. [Cr. Dkt. No. 5].  He subsequently appeared before the Magistrate Court, and pled guilty to the charge without a plea agreement.  [Minute Entry for 9/7/2006].  The Magistrate Court accepted Petitioner's plea, ordered the completion of a Presentence Investigation Report ("PSR"), and issued a Report and Recommendation.  [Cr. Dkt. No. 34 at 14].  This Court adopted the Magistrate Court's Report and Recommendation.  [Cr. Dkt. Nos. 14 & 15].

---

[1] "Dkt. No." refers to the docket number entry for the Court's electronic filing system.  The Court will cite to the docket number entries rather than the title for each filing.  "Dkt. No." will be used to refer to the filings in case number L-09-cv-60.  "Cr. Dkt. No." refers to the docket entries in criminal case number L-06-1106.

Petitioner's PSR recommended a base-offense level of eight.  [PSR at 4].  The PSR indicated that he was previously convicted in Florida for robbery, and was sentenced to two years probation in 1994.  [*Id*.].  His probation was revoked in 1996.  [*Id*.].  Based on this prior conviction, the PSR recommended that Petitioner receive a 16-point enhancement pursuant to U.S.S.G. § 2L1.2(b)(1)(A).  [*Id*.].  Additionally, the PSR recommended a 3-point reduction for Petitioner's acceptance of responsibility.  [*Id*.].  Petitioner thus received a total offense level of 21.  [*Id*.].  Based on this total offense level, and because he was placed in criminal history category IV, the PSR recommended a guideline range for imprisonment of 57 to 71 months.  [*Id*. at 14].  The PSR also noted that, pursuant to 8 U.S.C. § 1326(b)(2), the maximum term of imprisonment was 20 years.  [*Id*.].

On February 6, 2007, Petitioner appeared before the Court for sentencing.  [Minute Entry for 2/6/2007].  During sentencing, Petitioner's trial counsel addressed the 16-level enhancement based on his Florida robbery conviction.  [Cr. Dkt. No. 36 at 5].  Petitioner's trial counsel stated:

> The issue of concern to me was the one that gives him the 16-level enhancement, the robbery.  And we both looked at the case law.  And even though there's zero points attributed to him, the mere fact that he has the conviction is sufficient to enhance him the 16 levels.

[*Id*.].  After hearing from defense counsel, Petitioner, and the Government, the Court indicated that it believed a sentence within the guideline range was a reasonable sentence.  [*Id*. at 14].  The Court explained that Petitioner's sentencing range was 51 to 71 months.  [*Id*.].  The Court sentenced Petitioner to a term of 63 months in custody.  [*Id*. & Dkt. No. 30 at 2].

Thereafter, Petitioner filed a Notice of Appeal.  [Cr. Dkt. No. 25].  On appeal, Petitioner challenged his sentence, asserting, in part, that this Court erred by enhancing his sentence under U.S.S.G. § 2L1.2.  [*See* Cr. Dkt. No. 45 at 3].  Petitioner argued that this Court relied solely upon the PSR to determine that his prior robbery was a crime of violence and that the definition of his

robbery offense is broader than the ordinary, contemporary and common meaning of the enumerated offense of robbery under § 2L1.2. [*Id.*]. Additionally, Petitioner asserted on appeal that he received ineffective assistance of counsel because his attorney failed to object to the application of § 1326(b)(2) and to the crime of violence enhancement. [*See id.*]. In response, the Government asserted that Petitioner waived any objection to the enhancement. [*Id.*].

> On January 21, 2009, the Fifth Circuit held, in part, as follows:

> [Petitioner's] Counsel's statement to the [sentencing court] during sentencing that he had discussed the crime of violence enhancement with the probation officer, reviewed the applicable case law, and determined that [Petitioner's] prior offense was "sufficient to enhance him to the 16 levels" constituted waiver.

[*Id.*]. And with regard to Petitioner's argument that he received ineffective assistance because his counsel did not object to the crime of violence enhancement, the Fifth Circuit found that the record was not sufficiently developed, and declined to address this particular issue on direct appeal. [*Id.*]. Petitioner subsequently moved for a panel rehearing. [Cr. Dkt. No. 47, Ex. F]. The request for panel rehearing was denied, however. [*Id.*]. Petitioner did not seek certiorari review from the Supreme Court.

On May 18, 2009, Petitioner filed the pending § 2255 motion, in addition to a supporting memorandum, arguing that he received ineffective assistance of counsel because his trial counsel did not object to the assessment of the 16-level enhancement for his Florida robbery conviction. [Dkt. Nos. 1 & 2]. Petitioner argues that his trial counsel should have objected to the enhancement because his 1994 Florida conviction for robbery did not constitute a crime of violence under the Sentencing Guidelines, and that because the enhancement was erroneously applied, his sentencing range and actual sentence were significantly increased. [*Id.* at 6].

## II.     DISCUSSION

### A.     Standard Governing § 2255 Motions

"Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992) (per curiam) (citing *United States v. Capua*, 656 F.2d 1033, 1037 (5th Cir. 1981)).  Generally, § 2255 claims fall under four categories, including: (1) constitutional issues; (2) challenges to the district court's jurisdiction to impose the sentence; (3) challenges to the length of a sentence in excess of the statutory maximum; and (4) claims that the sentence is otherwise subject to collateral attack.  28 U.S.C. § 2255 (2006); *United States v. Seyfert*, 67 F.3d 544, 546 (5th Cir. 1995) (citations omitted).

### B.     Whether Petitioner Received Ineffective Assistance of Counsel

Petitioner argues that he received ineffective assistance of counsel, a claim of constitutional proportion.  Under the two-prong test for a claim of ineffective assistance of counsel, Petitioner must show: (1) that his counsel's performance fell below an objective standard of reasonableness, and (2) that he suffered prejudice as a result.  *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  A reviewing court need not consider either prong of the test in any particular order.  *Id*. at 697.  There is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance" and that adequate assistance was rendered.  *Id*. at 689-90.  All significant decisions are presumed to be made "in the exercise of reasonable professional judgment."  *Id*.  There are few specific instances where a presumption of prejudice exists, but "actual ineffectiveness claims alleging a deficiency in attorney performance are subject to a general requirement that the defendant affirmatively prove

prejudice." *Id*. at 692-93.

Petitioner asserts that he received ineffective assistance during sentencing because his trial counsel did not object to the application of his 16-level enhancement. [Dkt. No. 2 at 1]. Without the application of this enhancement, Petitioner contends he would have been placed in a sentencing range of 24 to 30 months in prison (instead of 57 to 71 months). [*Id*. at 2]. The prejudice prong of an ineffective assistance claim is satisfied "'when a deficiency by counsel resulted in a specific, demonstrable enhancement in sentencing . . . which would not have occurred but for counsel's error.'" *United States v. Franks*, 230 F.3d 811, 815 (5th Cir. 2000) (quoting *United States v. Phillips*, 210 F.3d 345, 351 (5th Cir. 2000)). In considering Petitioner's ineffective assistance claim, the Court must therefore determine whether Petitioner's Florida robbery conviction falls within the generic definition of robbery.

"Section 2L1.2 of the Guidelines provides that the offense level for unlawfully entering or remaining in the United States shall be increased by 16 levels if the defendant has a prior conviction for a 'crime of violence.'" *United States v. Tellez-Martinez*, 517 F.3d 813, 814 (5th Cir. 2008) (citing § 2L1.2(b)(1)(A)(ii)). A "crime of violence" is defined in the commentary of § 2L1.2 as "(1) any specific enumerated offense, including 'robbery,' or (2) 'any offense under federal state, or local law that has as an element the use, attempted use, or threatened use of physical force against the person of another.'" *Id*. (quoting § 2L1.2, comment. (n. 1(B)(iii)).

The Fifth Circuit has held that, while precise state definitions vary, "the generic form of robbery 'may be thought of as aggravated larceny,' containing at least the elements of 'misappropriation of property under circumstances involving [immediate] danger to the person." *United States v. Santiesteban-Hernandez*, 469 F.3d 376, 379 (5th Cir. 2006) (quoting WAYNE R. LAFAVE, SUBSTANTIVE CRIMINAL LAW § 20.3 intro., (d)(2) (2d ed. 2003)).

Having determined the generic definition of robbery (the predicate offense), the Court must now compare it to the statute governing Petitioner's prior conviction. *Santiesteban-Hernandez*, 469 F.3d at 379 (citing *Taylor v. United States*, 495 U.S. 575, 599 (1990)). Where a defendant was convicted under a statute following the generic definition "with minor variations, or a statute narrower than the generic crime, the sentence enhancement may be applied." *Id*. "The elements of the offense need only 'substantially correspond' to the generic definition of the enumerated offense to pass muster under the categorical approach." *United States v. Flores-Hernandez*, 250 Fed. Appx. 85, 87 (5th Cir. Oct. 5, 2007) (quoting *Taylor*, 495 U.S. at 602).

At the time of Petitioner's conviction, the Florida statute at issue defined "robbery" as follows:

> [T]he taking of money or other property which may be the subject of larceny from the person or custody of another, with intent to either permanently or temporarily deprive the person or the owner of the money or other property, when in the course of the taking there is the use of force, violence, assault, or putting in fear.

FLA. STAT. § 812.13 (1994). Petitioner argues that the Florida statute is broader than the generic definition of robbery for two reasons. [Dkt. No. 2 at 7].

First, Petitioner argues that the Florida robbery statute is broader than the generic form of robbery because the Florida statute does not contain a temporal restriction. [Dkt. No. 2 at 12]. In other words, Petitioner contends that the Florida statute does not require that the danger element be "immediate." [*Id*.]. He maintains that, unlike the plain language of the Texas and California robbery statutes at issue in *Santiesteban-Hernandez* and *Tellez-Martinez*, the plain language of the Florida robbery statute does not require that the danger be immediate. Due to the absence of such language, Petitioner asserts that the Florida statute does not have an immediacy requirement. This argument is foreclosed by Fifth Circuit case law, however. In *Tellez-Martinez*, the Fifth Circuit recognized that the immediate danger element is *inherently present*

when the theft occurs through force or putting in fear:

> It is this "immediate danger element [that] makes robbery deserving of greater punishment than that provided for larceny and extortion . . . ." Such danger is inherently present when property is taken by force or putting in fear.

*Tellez-Martinez*, 517 F.3d at 815 (quoting *Santisteban-Hernandez*, 469 F.3d at 379-80 (internal quotation marks omitted in original)). As noted above, the Florida robbery statute at issue in this case defines robbery, in part, as the taking of money or property under circumstances involving the use of "force" or "putting in fear." *See* FLA. STAT. § 812.13. Therefore, the immediate danger element is inherently present in the Florida statute, and Petitioner's argument as to this issue is without merit.

Second, Petitioner contends that, unlike the generic form of robbery, the Florida statute does not require that an "actual person" be placed in fear of immediate danger. [Dkt. No. 2, unnumbered p. 10]. This argument is premised on two propositions: first, that the generic form of robbery embodies only a subjective, "actual person" standard in determining whether the victim was placed in fear; and second, that the Florida statute embodies an objective, reasonable person standard. At least one Florida court has interpreted the statutory definition of robbery as embodying an objective, "reasonable person" standard in determining whether fear was induced in the victim. In *Magnotti v. Florida*, 824 So.2d 963, 965 (Fla. 4th Dist. Ct. App. 2003), the court analyzed the statute at issue, and observed that "[i]f the circumstances attendant to the robbery were such as to ordinarily induce fear in the mind of a reasonable person, then the victim may be found to be in fear for the purpose of the robbery statute, and actual fear need not be proved."

While the Florida statute has thus been interpreted to embody an objective standard, Petitioner has failed to show that the generic form of robbery necessarily embodies only a

subjective, "actual person" standard.  To support his argument, Petitioner cites to *United States v. Santiesteban-Hernandez*, 469 F.3d 376 (5th Cir. 2006), and directs the Court particularly to the Fifth Circuit's citation to section 222.1 of the Model Penal Code, which provides: "[I]t is force or threat of force directed at placing the victim in serious fear for his safety that justifies the escalated penalties of the robbery offense."  469 F.3d at 381 (quoting MODEL PENAL CODE § 222.1, comt. at 108 (1980)).  Petitioner urges that by citing section 222.1 of the Model Penal Code, the Fifth Circuit held that the generic form of robbery requires that an "actual person be placed in fear of immediate danger."  He has failed to read this particular quotation in proper context, however.

In *Santiesteban-Hernandez*, the defendant argued that the district court erroneously applied a 16-level enhancement for his prior Texas robbery conviction, pursuant to U.S.S.G. § 2L1.2(b)(1)(A)(ii).  469 F.3d at 378.  The defendant argued that his prior conviction was not a crime of violence because the Texas statute at issue did not define robbery in terms of the "use or threat of force."  *Id*. at 379.  The Fifth Circuit therefore turned to consider whether the "use or threat of force" was part of the generic form of robbery.  *Id*.  Applying the categorical approach, the Fifth Circuit held that the generic form of robbery contained at least the elements of "'misappropriation of property under circumstances involving [immediate] danger to the person.'"  *Santiesteban-Hernandez*, 469 F.3d at 380 (quoting WAYNE R. LAFAVE, SUBSTANTIVE CRIMINAL LAW § 20.3 intro., (d)(2) (2d ed. 2003)).  The Fifth Circuit then noted that while the majority of states implement the "[immediate] danger" element by requiring that the property be taken by means of "force or putting in fear," Texas and the Model Penal Code define immediate danger is terms of "bodily injury."  *Id*. at 380.  In analyzing the "bodily injury" approach, the Fifth Circuit quoted section 222.1 of the Model Penal Code, noting that "it is force or threat of

force directed at placing the victim in serious fear for his safety that justifies the escalated penalties of the robbery offense." *Id.* at 381.  Thus, contrary to Petitioner's representation, it is clear that the Fifth Circuit did not cite to section 222.1 of the Model Penal Code in order to establish that the generic form of robbery requires that an "actual person" be placed in fear.

Petitioner otherwise directs the Court to *Tellez-Martinez* to support his argument that the generic form of robbery requires that an "actual person" be placed in immediate fear of danger. [Dkt. No. 2 at 10].  But Petitioner's reliance on *Tellez-Martinez* is also misguided.  In that case, the Fifth Circuit considered whether a California robbery statute fit within the generic form of robbery.  *Tellez-Martinez*, 517 F.3d at 814.  The California statute defined fear "as either the 'fear of an unlawful injury to the person or property of the person robbed' or 'fear of an immediate and unlawful injury to the person or property of anyone in the company of the person robbed at the time of the robbery.'"  *Id.* at 815 (quoting CAL. PENAL CODE § 212).  The Fifth Circuit concluded that the California statute fit within the generic form of robbery, given that "the California robbery statute involves the misappropriation of property under circumstances involving danger to the person."  *Id.* at 815.  Petitioner appears to reason that, because the Fifth Circuit concluded that the California statute fit within the generic form of robbery, the generic form of robbery necessarily requires that an actual person be put in fear of immediate danger. Such reasoning is logically unsound, and contrary to the Fifth Circuit's clear finding as to the elements of the generic form of robbery.  *Id.*

To be sure, in both *Santiesteban-Hernandez* and *Tellez-Martinez*, the Fifth Circuit determined that the elements of the generic form of robbery include at least the misappropriation of property under circumstances involving immediate danger to the person.  In *Santiesteban-Hernandez*, the Fifth Circuit concluded that although the Texas definition of robbery focused on

the realization of immediate danger through actual or threatened bodily injury, "[t]he elements of the Texas statute substantially correspond to the basic elements of the generic offense, in that they both involve theft and immediate danger to a person." *Santiesteban-Hernandez*, 469 F.3d at 381. The *Tellez-Martinez* court came to a similar result, finding that although "the [California robbery statute] is violated by placing the victim in fear of injury to property, the property has been misappropriated in circumstances 'involving [immediate] danger to the person.'" *Tellez-Martinez*, 517 F.3d at 815.

Guided by the Fifth Circuit's reasoning in those cases, the Court reaches a similar conclusion in this case. The elements of the Florida statute "substantially correspond" with the basic elements of the general offense; specifically, they both involve the misappropriation of property and immediate danger to a person. That the Florida statute has been interpreted to embody an objective, "reasonable person" standard in determining whether the victim was placed in fear is not sufficient to keep it outside of the generic form of robbery. Indeed, the Court is aware of no Fifth Circuit precedent establishing as much.

This conclusion is supported by the Fifth Circuit's reasoning in *United States v. Flores-Hernandez*, 250 Fed. Appx. 85 (5th Cir. Oct. 5, 2007). In that case, the Fifth Circuit considered the issue presently before the Court: whether the Florida robbery statute contains the essential elements of the generic form of robbery. *Id*. The panel noted that the Florida statute requires that a defendant use force or fear as a means of acquiring property. *Id*. at 88. For this reason, the panel concluded that the statute contains the essential elements of robbery: "[t]he misappropriation of property involving danger to a person." *Id*. at 88-89. As Petitioner notes in his memorandum, the opinion is not published and is therefore not binding precedent. Nevertheless, the Court finds the panel's reasoning to be persuasive. For these reasons, the

Court finds that the Florida statute under which Defendant was convicted falls within the generic definition of robbery.   Accordingly, Petitioner's trial counsel did not provide ineffective assistance at sentencing by failing to object to the 16-level crime of violence enhancement. Petitioner's ineffective assistance of counsel claim is therefore without merit.

## III.    CONCLUSION

For the aforementioned reasons, Petitioner's § 2255 Motion is **DISMISSED** with prejudice.  Should he seek a certificate of appealability, such is **DENIED**.  Final Judgment shall issue under separate cover.

DONE this 6th day of August, 2010, in Laredo, Texas.

IT IS SO ORDERED.

_____
Micaela Alvarez
UNITED STATES DISTRICT JUDGE


**TO INSURE PROPER NOTICE, EACH PARTY WHO RECEIVES THIS ORDER SHALL FORWARD A COPY OF IT TO EVERY OTHER PARTY AND AFFECTED NON-PARTY EVEN THOUGH THEY MAY HAVE BEEN SENT ONE BY THE COURT.**